UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10073-GAO

AUDRONE BATAVITCHENE,
Plaintiff,

v.

TAUPA LITHUANIAN FEDERAL CREDIT UNION; SARUNAS NORVAISA, as President of Taupa Lithuanian Federal Credit Union; THOMAS ASHMANSKAS, as Treasurer of Taupa Lithuanian Federal Credit Union,
Defendants.

ORDER
August 3, 2017

O'TOOLE, D.J.

Plaintiff Audrone Batavitchene filed this lawsuit against Taupa Lithuanian Federal Credit Union and two of its senior employees, Sarunas Norvaisa and Thomas Ashmanskas. The complaint is far from pellucid but appears to allege misconduct and resulting liability arising from Batavitchene's mortgage agreement with Taupa.

Batavichene is not a stranger to civil litigation. Over the past decade or so, acting *pro se*, she has commenced nine other cases in this court. About a year before this case was commenced, she filed an action against these same defendants, purporting to assert claims under the United States Constitution and the United States Criminal Code based on apparently similar underlying facts. That case was dismissed without prejudice, the judge expressly allowing Batavichene to file amended pleadings. Order, Batavitchene v. Taupa Lith. Fed. Credit Union, No. 16-10044-WGY (D. Mass. May 10, 2016), ECF No. 30. Rather than filing in that case, the plaintiff has filed this new complaint, changing the claims to at least breach of contract and fraud and misrepresentation, and perhaps others. The defendants have moved to dismiss on various grounds: insufficient service

of process; failure to file an amended complaint in a timely manner; and failure to prosecute. The defendants also argue that any tort claim is barred by the statute of limitations.

The defendants' contention that there was insufficient service of process, see Fed. R. Civ. P. 12(b)(5), plainly has merit. Service of the complaint and summonses must comply with Rule 4 of the Federal Rules of Civil Procedure. Unless waiver of service is obtained under Rule 4(d), the individual defendants, Norvaisa and Ashmanskas, must be served with process in compliance with Rule 4(e) or Massachusetts Rule of Civil Procedure 4(d)(1). Fed. R. Civ. P. 4(e); Mass. R. Civ. P. 4(d)(1). Similarly, there are two proper ways of serving process upon Taupa. Unless waiver of service is obtained under Rule 4(d), the corporation can be served under Fed. R. Civ. P. 4(h)(1) or Mass. R. Civ. P. 4(d)(2). Neither was followed as to either the individuals or the corporation. Federal Rule 4(c) further requires that a person serving a complaint and summons be at least eighteen years old and not a party to the litigation. Fed. R. Civ. P. 4(c). Likewise, with some exceptions that are not germane here, service of process under the Massachusetts Rule 4 "shall be made by a sheriff, by his deputy, or by a special sheriff; by any other person duly authorized by law; [or] by some person specially appointed by the court for that purpose." Mass. R. Civ. P. 4(c).

The plaintiff has failed to properly serve all three defendants. Neither Rule 4 nor its state counterpart authorizes service of process upon a resident individual or a domestic corporation by registered or certified mail. See, e.g., Carter v. Spencer, Civil Action No. 16-12052-NMG, 2016 WL 6905375, at *2 (D. Mass. Nov. 22, 2016) (denying motion for service by certified mail on individual defendant under Rule 4(e) and Massachusetts Rule 4(d)(1) because the rules do not allow the use of either certified or registered mail); Payne v. Massachusetts, Civil Action No. 09-10355-PBS, 2010 WL 5583117, at *3 (D. Mass. Nov. 18, 2010), *adopted by* Order on Report and Recommendations, No. 1:09-CV-10355, 2010 WL 55831 11 (D. Mass. Dec. 10, 2010) (finding

2

insufficient service of process on defendant corporation by certified mail under Rule 4(h)(1) and Massachusetts Rule 4(d)(2)); <u>Aly v. Mohegan Council-Boy Scouts of Am.</u>, Civil Action No. 08-40099-FDS, 2009 WL 3299951, at *2 (D. Mass. Apr. 20, 2009) (finding the use of registered mail insufficient for service of process under Rule 4(h)(1) and Massachusetts Rule 4(d)(2)).

Accordingly, the defendants' motion to dismiss for insufficiency of service of process is GRANTED, and the complaint will be dismissed unless proper service is effected by the plaintiff within sixty days of the entry of this Order. In light of this Order, the other grounds asserted by the defendants are not considered or resolved at this time.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge
